IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | FILED UNDER SEAL |
| v. | |
| REGINALD LAMAR DENSON (1)<br>JAHMEAR CHANCE JACKSON (2)<br>ADDISON COLE (3)<br>   a.k.a. "Addy"<br>   a.k.a. "Scat-Back"<br>SERGEI GHARPETIAN (4)<br>TIGRAN MKRTCHYAN (5) | Criminal No. 3:21-CR-136-K<br>(Supersedes Indictment filed March 25, 2021) |

## SUPERSEDING INDICTMENT

The Grand Jury Charges:

<u>Count One</u>
Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Violation of 21 U.S.C. § 846)

Beginning on or about a date unknown, and continuing through on or about March 1, 2021, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants, **Reginald Lamar Denson** and **Jahmear Chance Jackson**, did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree with each other and with other persons both known and unknown to the Grand Jury, to commit certain offenses against the United States, to-wit: to possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

All in violation of 21 U.S.C. § 846.

Count Two
Possession with the Intent to Distribute Controlled Substance
(Violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B))

On or about March 1, 2021, in the Dallas Division of the Northern District of Texas, the defendants, **Reginald Lamar Denson**, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

<u>Count Three</u>
Possession with the Intent to Distribute Controlled Substance
(Violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C))

On or about March 1, 2021, in the Dallas Division of the Northern District of Texas, the defendants, **Jahmear Chance Jackson**, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

<u>Count Four</u>
Possession of a Firearm by a Convicted Felon
(Violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2))

On or about March 1, 2021, in the Dallas Division of the Northern District of Texas, the defendant, **Reginal Lamar Denson**, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, firearms, to wit: a Glock 22, semi-automatic firearm, serial number GCZ525; a Micro Draco, 18RO, semi-automatic firearm, serial number 06804; and a Palmetto State, PA-15, semi-automatic firearm, serial number PI005066.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

<u>Count Five</u>
Possession of a Firearm by a Convicted Felon
(Violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2))

On or about March 1, 2021, in the Dallas Division of the Northern District of Texas, the defendant, **Jahmear Chance Jackson**, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, firearms, to wit: a Springfield XD45 Shield, semi-automatic firearm, serial number XD605769; and a Smith & Wesson MP Shield, semi-automatic firearm, serial number HVJ5382.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## Count Six
### Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Violation of 21 U.S.C. § 846)

Beginning on or about a date unknown, and continuing through on or about July 31, 2021, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Addison Cole, a.k.a. "Addy", a.k.a. "Scat-Back"**, did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree with persons both known and unknown to the Grand Jury, to commit certain offenses against the United States, to-wit: to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

All in violation of 21 U.S.C. § 846.

<u>Count Seven</u>
Conspiracy to Launder Monetary Instruments
(Violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i) and (ii))

Beginning on or about a date unknown, and continuing through on or about March 1, 2021, in the Northern District of Texas and elsewhere, defendants **Sergei Gharpetian** and **Tigran Mkrtchyan**, did knowingly combine, conspire, confederate, and agree with each other and other persons known and unknown to the Grand Jury to conduct, and attempt to conduct, a financial transaction affecting interstate and foreign commerce involving the proceeds of a specified unlawful activity, namely, possession with the intent to distribute marijuana, a violation of 21 U.S.C. 841(a)(1) and (b)(1)(C), knowing that the transaction is designed in whole or in part to -

(i)  conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, and

(ii) avoid a transaction reporting requirement under state or federal law,

and knowing that the property involved in the transaction represents the proceeds of some form of unlawful activity.

All in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B).

<u>Forfeiture Notice</u>
(21 U.S.C. §§ 853 and 881(a), 18 U.S.C. § 924(d),
18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c))

Upon conviction of any offense alleged in Counts One through Seven of this indictment and pursuant to 21 U.S.C. §§ 853(a) and 881(a), 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1), the defendants, **Reginald Lamar Denson, Jahmear Chance Jackson, Addison Cole, Sergei Gharpetian,** and **Tigran Mkrtchyan**, shall forfeit to the United States all property, real or personal, constituting, or derived from, the proceeds obtained, directly or indirectly, as a result of the offense; and any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the respective offense.

The above-referenced property includes, but is not limited to, the following:

(1) a Springfield XD45 Shield, semi-automatic firearm, serial number XD605769, seized on March 1, 2021;

(2) a Smith & Wesson MP Shield, semi-automatic firearm, serial number HVJ5382, seized on March 1, 2021;

(3) a Glock 22, semi-automatic firearm, serial number GCZ525, seized on March 1, 2021;

(4) a Micro Draco, 18RO, semi-automatic firearm, serial number 06804, seized on March 1, 2021;

(5) a Palmetto State, PA-15, semi-automatic firearm, serial number PI005066, seized on March 1, 2021;

(6) Any magazines recovered with the above-mentioned firearms;

(7) Any ammunition recovered with the above-mentioned firearms;

(8) Gold watch, bracelet, and necklaces, seized from Reginald Denson on March 1, 2021;

**Superseding Indictment - Page 8**

(9) $156,597 in United States currency, seized on March 1, 2021 at 10238 White Elm Road, Dallas, Texas;

(10) $4,577 in United States currency, seized on March 1, 2021 at 12606 Rialto Drive, Dallas, Texas;

(11) a 2016 Mercedes four-door vehicle, VIN# WDDXJ8FB8GA012720, Texas License Plate MTH4338, seized from Reginald Denson; and

(12) a 2017 Chevrolet Malibu four door vehicle, VIN# 1G1ZE5ST3HF215483, Texas License Plate KLW2573, seized from Reginald Denson.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the said defendant up to the value of the forfeitable property described above.

TRUE BILL

_____
FOREPERSON

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_____
MYRIA BOEHM
Assistant United States Attorney
Texas State Bar No. 24069949
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8821
Email: Myria.Boehm@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

REGINALD LAMAR DENSON (1)
JAHMEAR CHANCE JACKSON (2)
ADDISON COLE (3)
SERGEI GHARPETIAN (4)
TIGRAN MKRTCHYAN (5)

SEALED SUPERSEDING INDICTMENT

21 U.S.C. § 846
Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Counts 1 and 6)

21 U.S.C. § 841(a)(1) and (b)(1)(B)
Possession with the Intent to Distribute Controlled Substance
(Count 2)

21 U.S.C. § 841(a)(1) and (b)(1)(C)
Possession with the Intent to Distribute Controlled Substance
(Count 3)

18 U.S.C. §§ 922(g)(1) and 924(a)(2)
Possession of a Firearm by a Convicted Felon
(Counts 4 and 5)

18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i) and (ii)
Conspiracy to Launder Monetary Instruments
(Count 7)

21 U.S.C. §§ 853 and 881(a), 18 U.S.C. § 924(d), 18 U.S.C. § 982(a)(1),
and 28 U.S.C. § 2461(c)
Forfeiture Notice

7 Counts

A true bill rendered

DALLAS                                                                                                          FOREPERSON

Filed in open court this __4__ day of January, 2022.

**Warrant to be Issued for ADDISON COLE (3), SERGEI GHARPETIAN (4), and TIGRAN MKRTCHYAN (5).**

UNITED STATES MAGISTRATE JUDGE
Magistrate Court Number: 3:21-MJ-189-BK
Criminal Case Pending: 3:21-CR-136-K